UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- )
MARIA LUPARDO, ) Case No:
)
                Plaintiff, ) **COMPLAINT**
)
      -against- )
) **PLAINTIFF DEMANDS**
THE ARMORY FOUNDATION, ) **A TRIAL BY JURY**
)
                Defendant. )
---------------------------------------------------------------------- )

    Plaintiff, Maria Lupardo, by and through her attorneys, Gregory A. Tsonis, PLLC, as and for her complaint against the defendant, alleges as follows:

## NATURE OF THE CLAIM

    1.    This action is brought by Plaintiff, Maria Lupardo, to recover damages pursuant to pregnancy, disability and sex discrimination perpetrated against her by Defendant, The Armory Foundation (the "Armory").  Plaintiff brings this action pursuant to the Civil Rights Act of 1964, Title VII (codified as 42 U.S.C. § 2000e et. seq.);  Americans with Disabilities Act, Title I (codified as 42 U.S.C. § 12101 et seq.); as well as pursuant to the New York Human Rights Law § 296.1 (codified as N.Y. Executive Law, Article 15).

## JURISDICTION

    2.    This Court has jurisdiction over the federal claims presented herein under 42 U.S.C.A. § 2000e-5(f) and under 28 U.S.C.A. §§ 1331 and 1343(4).

    3.    This Court has jurisdiction over the New York State Law claims presented herein pursuant to 28 U.S.C.A. § 1367 (a).

1

## PARTIES

4.  Plaintiff is a female citizen of the United States and a resident of Queens County, New York.

5.  Defendant is an employer within the meaning of 42 U.S.C.A. § 2000e-b.

## FACTS

6.  Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on October 3, 2018, a copy of which is attached hereto as Exhibit "A"

7.  Plaintiff was employed by the Armory for almost four (4) years, from February 24, 2014 through December 12, 2017.

8.  During that time, Plaintiff received countless strong employment reviews and accolades, and was the recipient of numerous promotions, ultimately obtaining the position of Executive Vice-President.

9.  In 2017, Plaintiff announced her pregnancy with her first child. From the time she announced her pregnancy she was met with aversion on the part of Defendant, specifically from co-presidents, Jonathan Schindel and Rita Finkel.

10. On numerous occasions, these individuals expressed dissatisfaction with Plaintiff's pregnancy and, more specifically, Plaintiff's anticipated maternity leave, verbally expressing to Plaintiff that her pregnancy and potential leave was an annoyance to Defendant's business operation.

11. As would be expected, just prior to her child's birth, Plaintiff took maternity leave, commencing on or about August 7, 2017, and shortly therafter her child was born. Once

again, Plaintiff was subjected to contempt on the part of Defendant for taking leave, and Mr. Schindel, on more than one occasion, stated that Plaintiff should consider herself lucky that she was granted leave in the first place.

12. As per agreement with the Armory, Plaintiff was scheduled to return to work on January 2, 2018. While at home nursing for her newborn, despite being on leave, Plaintiff continued to remain active with her employment, furnishing work from home when requested and/or needed.

13. On or about November 27, 2017, Plaintiff contacted Defendant and inquired about extending her maternity leave beyond January 2, 2018.

14. Plaintiff's inquiry was prompted by her existing medical status and condition, and the needs of both mother and newborn child.

15. At no time did Plaintiff state or indicate any intention not to return to employment on January 2, 2018. Rather, Plaintiff merely inquired about what, if any, options were available for her to extend her maternity leave.

16. Rather than respond to her inquiry, and as a direct result of her pregnancy; maternity leave; and her inquiry as to further maternity leave, Defendant instead terminated Plaintiff's employment on December 12, 2017.

17. The termination occurred prior to Plaintiff's agreed upon maternity leave expiring and without providing Plaintiff an opportunity to return to work on January 2, 2018 as planned.

18. There is no non-discriminatory basis to justify Defendant's decision to terminate, as Plaintiff not only continually performed in her employment in a professional and skillful manner, but also continued such efforts during her pregnancy and immediately following the birth of her child.

19. Similarly situated non-pregnant individuals employed with Defendant have not been subjected to such adverse actions.

20. Defendant's refusal to allow Plaintiff to return to work after the agreed-upon leave is in direct contrast to the treatment of employees with non-pregnancy related disabilities.

21. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

## FIRST CLAIM FOR RELIEF
### (Pregnancy and Sex Discrimination in Violation of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e et. seq.)

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. As a proximate result of Defendant's discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

24. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

25. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

26. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
**(Discrimination in Violation of Americans with Disabilities Act, Title I, 42 U.S.C. § 12101 et. seq.)**

27. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28. As a proximate result of Defendant's discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

29. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

30. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

31. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CLAIM FOR RELIEF
**( Pregnancy, Disability and Sex Discrimination in Violation of New York Human Rights Law § 296.1 codified as N.Y. Executive Law, Article 15)**

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Pursuant to the applicable provisions of New York State Human Rights Law, it is unlawful to discriminate against Plaintiff because of her pregnancy.

34. The Defendant's conduct as alleged above constitutes discrimination based on pregnancy and/or disability discrimination in violation of NYSHRL § 296.

35. As a proximate result of Defendant's discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

36. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

37. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

38. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendant on each cause of action as specified herein for the following relief:

A) An award of Plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

B) An award of damages in an amount to be determined at trial to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

C) An award of punitive damages;

D) An order enjoining Defendant from engaging in the wrongful practices alleged herein;

E) An award of reasonable attorneys' fees and the costs of this action; and

F) Such other and further relief as this Court may deem just and proper.

## **CERTIFICATION AND CLOSING**

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Woodbury, New York
         December 19, 2018

                             GREGORY A. TSONIS, PLLC


                             *gregory tsonis*
                             Gregory A. Tsonis  (GT-5737)
                             Attorneys for Plaintiff
                             *Maria Lupardo*
                             6800 Jericho Turnpike, Suite 120W
                             Syosset, NY 11797
                             516-393-5876

# EXHIBIT A

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Maria Lupardo<br>19-25 22nd Street<br>Astoria, NY 11105 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-03266 | **Ashraf Ahmed,** Investigator | (212) 336-3781 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*/s/ Kevin Berry/*      10/3/2018
Kevin J. Berry,
District Director      *(Date Mailed)*

Enclosures(s)

cc:   Attn
Director of Human Resources
ARMORY
216 Fort Washington Avenue
New York, NY 10032

Gregory Tsonis, Esq.
GATLAW
6800 Jericho Turnpike
Suite 120W
Syosset, NY 11791


Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

| Index No. | Year | RJI No. | Hon. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA LUPARDO )
)
                      Plaintiff, )
)
     -against- )
)
THE ARMORY FOUNDATION )
)
                      Defendant.

## COMPLAINT

GREGORY A. TSONIS, PLLC
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
6800 Jericho Turnpike, Suite 120W
Syosset, NY 11791

To                                         Signature

…………………………………………………….
Print name beneath

Attorney(s) for

Service of a copy of the within                                      is hereby admitted.

Dated,                                    …………………………………………………..
                                        Attorney(s) for

Please take notice
☐ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order                    of which the within is a true copy will be presented for settlement to the
HON.                          one of the judges of the within named court, at
on                              at                        M

Dated,
                                                  Yours, etc.

                                      GREGORY A. TSONIS, PLLC
                                      *Attorneys for Plaintiff*
                                      6800 Jericho Turnpike, Suite 120W
                                      Syosset, NY 11791
                                      (516) 393-5876

To

Attorney(s) for