UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MARIA LUPARDO,

       Plaintiff,

  v.

THE ARMORY FOUNDATION,

       Defendant.

-------------------------------------------------------------x

Civil Action No.: 18-cv-11984 (DAB)

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant The Armory Foundation (the "Foundation"), by its attorneys, Eustace, Marquez, Epstein, Prezioso & Yapchanyk, hereby answers the Complaint of the Plaintiff, dated December 19, 2018 (the "Complaint"), by stating as follows:

## NATURE OF THE CLAIM[1]

1. Denies the allegations contained in Paragraph 1 and respectfully refers all questions of law to This Honorable Court, except admits that Plaintiff has asserted claims under the referenced state and federal statutes.

## JURISDICTION

2. Denies the allegations contained in Paragraph 2 and respectfully refers all questions of law to This Honorable Court, except admits that Plaintiff has asserted claims under federal statutes.

3. Denies the allegations contained in Paragraph 3 and respectfully refers all questions of law to This Honorable Court, except admits that the Court may choose to exercise supplemental jurisdiction over Plaintiff's claim under the New York State Human Rights Law.

---

[1] The Foundation's Answer contains the same headings as Plaintiff's Complaint solely for reference purposes, and in no way is the inclusion of such headings meant as an endorsement or admission to any statement or implication

1

## **PARTIES**

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.     Denies the allegations contained in Paragraph 5 and respectfully refers all questions of law to This Honorable Court, except admits that it employed Plaintiff for a period of time.

## **FACTS**

6.     Denies the allegations contained in Paragraph 6 and respectfully refers all questions of law to This Honorable Court.

7.     Denies the allegations contained in Paragraph 7, except admits that the Foundation employed Plaintiff from March 10, 2014 until December 15, 2017.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except admits that Plaintiff's title as of the date of her termination was Executive Vice President.

9.     Denies the allegations of Paragraph 9, except admits that Plaintiff notified the Foundation of her pregnancy in 2017.

10.     Denies the allegations of Paragraph 10.

11.     Denies the allegations of Paragraph 11, except admits that Plaintiff commenced her 4-plus month maternity leave on August 7, 2017.

12.     Denies the allegations of Paragraph 12, except admits that Plaintiff agreed in writing to return to work at the Foundation on January 2, 2018.

---

contained therein.  To the extent a response is required to any of the headings contained in Plaintiff's Complaint, the Foundation expressly denies all of them.

13. Denies the allegations of Paragraph 13, except admits that Plaintiff informed the Foundation via email on November 27, 2017 that she would not be able to return to work by January 2, 2018 solely due to issues relating to childcare and her spouse's international travel schedule.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Denies the allegations of Paragraph 15, except admits that Plaintiff informed the Foundation via email on November 27, 2017 that she would not be able to return to work by January 2, 2018 solely due to issues relating to childcare and her spouse's international travel schedule.

16. Denies the allegations of Paragraph 16, except admits that the Foundation did indeed respond to her November 27, 2017 email and that it terminated her employment, effective December 15, 2017.

17. Denies the allegations of Paragraph 17, except admits that the Foundation terminated Plaintiff's employment effective December 15, 2017.

18. Denies the allegations of Paragraph 18.

19. Denies the allegations of Paragraph 19.

20. Denies the allegations of Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

## FIRST CLAIM FOR RELIEF
**(Pregnancy and Sex Discrimination in Violation of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e et. seq.)**

22. The Foundation hereby repeats and realleges the foregoing allegations as if set forth fully herein.

23. Denies the allegations contained in Paragraph 23.

24. Denies the allegations contained in Paragraph 24.

25. Denies the allegations contained in Paragraph 25.

26. Denies the allegations contained in Paragraph 26.

## SECOND CLAIM FOR RELIEF
**(Discrimination in Violation of the Americans with Disabilities Act, Title I 42 U.S.C. §12101 et. seq.)**

27. The Foundation hereby repeats and realleges the foregoing allegations as if set forth fully herein.

28. Denies the allegations contained in Paragraph 28.

29. Denies the allegations contained in Paragraph 29.

30. Denies the allegations contained in Paragraph 30.

31. Denies the allegations contained in Paragraph 31.

## THIRD CLAIM FOR RELIEF
**(Pregnancy, Disability and Sex Discrimination in Violation of New York Human Rights Law § 296.1 codified as N.Y. Executive Law, Article 15)**

32. The Foundation hereby repeats and realleges the foregoing allegations as if set forth fully herein.

33. Denies the allegations contained in Paragraph 33.

34. Denies the allegations contained in Paragraph 34.

35. Denies the allegations contained in Paragraph 35.

36. Denies the allegations contained in Paragraph 36.

37. Denies the allegations contained in Paragraph 37.

38. Denies the allegations contained in Paragraph 38.

### AS AND FOR A RESPONSE TO ALLEGATIONS CONTAINED IN "PRAYER FOR RELIEF" SECTION OF COMPLAINT

The Foundation hereby responds to the allegations contained in the Complaint under the "Prayer for Relief" section, and otherwise denies that she is entitled to any other relief.

(A) Denies the allegations contained in Part (A);

(B) Denies the allegations contained in Part (B);

(C) Denies the allegations contained in Part (C);

(D) Denies the allegations contained in Part (D);

(E) Denies the allegations contained in Part (E); and

(F) Denies the allegations contained in Part (F).

### AS AND FOR A RESPONSE TO DEMAND FOR "A TRIAL BY JURY" PORTION OF COMPLAINT

The Foundation denies that Plaintiff is entitled to a jury trial on all claims in the Complaint, and otherwise respectfully refers all questions of law to the Court.

### GENERAL DENIAL

The Foundation denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint is barred, in whole or in part, by the applicable Statute of Limitations and/or administrative filing periods and/or by the failure to satisfy the statutory and administrative prerequisites to the bringing of a legal action.

### SECOND DEFENSE

The causes of action alleged in the Complaint of the Plaintiff fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

### THIRD DEFENSE

That recovery, if any, on the Complaint of the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### FOURTH DEFENSE

That if it is determined that the Foundation is responsible for the acts alleged in the Complaint, then Plaintiff failed to take appropriate action to mitigate any damages.

### FIFTH DEFENSE

Plaintiff is not entitled to recover punitive damages on any claim in the Complaint because, at all relevant times, the Foundation engaged in good faith efforts to comply with all laws prohibiting discrimination and/or retaliation in employment.

### SIXTH DEFENSE

The Worker's Compensation Law of the State of New York is the exclusive remedy against the Foundation for emotional, mental or physical injuries.

**SEVENTH DEFENSE**

The Foundation had legitimate non-discriminatory and non-retaliatory reason(s) for each action taken. If and to the extent that any action taken was motivated by an impermissible consideration, which is expressly denied, the Foundation would have taken the same action for legitimate non-discriminatory and non-retaliatory reasons, and Plaintiff is nevertheless unable to establish pretext.

**EIGHTH DEFENSE**

The Foundation exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct, and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by her employer or to avoid harm otherwise.

**NINTH DEFENSE**

Subject to proof during discovery, all or part of Plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

**TENTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted because Plaintiff did not engage in protected conduct under any applicable statute cited in the Complaint.

**ELEVENTH DEFENSE**

Because no discovery has been taken at this stage of the case, the Foundation reserves its right to file and serve additional defenses.

**WHEREFORE**, the Foundation demands judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs and disbursements in this action. The Foundation hereby objects to a trial by jury of all issues and matters including, but not limited to, those issues and matters on lost wages, back pay, front pay and other equitable relief.

DATED:      January 29, 2019
            New York, New York

                                              Respectfully Submitted,

                                              EUSTACE, MARQUEZ, EPSTEIN, PREZIOSO & YAPCHANYK
                                              Attorneys for Defendant
                                              The Armory Foundation
                                              Office and Post Office Address
                                              55 Water Street, 29th Floor
                                              New York, New York 10041
                                              (212) 612-4200

By: _/s/ Gregory Bennett_____

                                              Gregory Bennett

To (via ECF):

Attorneys for Plaintiff
Gregory A. Tsonis (GT-5737)
Attorneys for Plaintiff
*Maria Lupardo*
6800 Jericho Turnpike, Suite 120W
Syosset, NY 11797
516-393-5876