# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------)
MARIA LUPARDO,                                                   )   Case No: *18 CV 11984*
                                                                 )   *(JPC) (SN)*
                          Plaintiff,                             )
                                                                 )   *PROPOSED AMENDED*
            -against-                                            )   **COMPLAINT**
                                                                 )
THE ARMORY FOUNDATION,                                           )
                                                                 )   **PLAINTIFF DEMANDS**
                          Defendant.                             )   **A TRIAL BY JURY**
-----------------------------------------------------------------)

      Plaintiff, Maria Lupardo, by and through her attorneys, Gregory A. Tsonis, PLLC, as and for her complaint against the defendant, alleges as follows:

### NATURE OF THE CLAIM

    1.    This action is brought by Plaintiff, Maria Lupardo, to recover damages pursuant to pregnancy, disability and sex discrimination perpetrated against her by Defendant, The Armory Foundation (the "Armory"). Plaintiff brings this action pursuant to the Civil Rights Act of 1964, Title VII (codified as 42 U.S.C. § 2000e et. seq.); Americans with Disabilities Act, Title I (codified as 42 U.S.C. § 12101 et seq.); as well as pursuant to the New York Human Rights Law § 296.1 (codified as N.Y. Executive Law, Article 15).

### JURISDICTION

    2.    This Court has jurisdiction over the federal claims presented herein under 42 U.S.C.A. § 2000e-5(f) and under 28 U.S.C.A. §§ 1331 and 1343(4).

    3.    This Court has jurisdiction over the New York State Law claims presented herein pursuant to 28 U.S.C.A. § 1367 (a).

## PARTIES

4. Plaintiff is a female citizen of the United States and a resident of Queens County, New York.

5. Defendant is an employer within the meaning of 42 U.S.C.A. § 2000e-b.

## FACTS

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on October 3, 2018, a copy of which is attached hereto as Exhibit "A"

7. Plaintiff was employed by the Armory for almost four (4) years, from February 24, 2014 through December 12, 2017.

8. During that time, Plaintiff received countless strong employment reviews and accolades, and was the recipient of numerous promotions, ultimately obtaining the position of Executive Vice-President.

9. In 2017, Plaintiff announced her pregnancy with her first child. From the time she announced her pregnancy she was met with aversion on the part of Defendant, specifically from co-presidents, Jonathan Schindel and Rita Finkel.

10. On numerous occasions, these individuals expressed dissatisfaction with Plaintiff's pregnancy and, more specifically, Plaintiff's anticipated maternity leave, verbally expressing to Plaintiff that her pregnancy and potential leave was an annoyance to Defendant's business operation.

11. As would be expected, just prior to her child's birth, Plaintiff took maternity leave, commencing on or about August 7, 2017, and shortly therafter her child was born. Once again,

2

Plaintiff was subjected to contempt on the part of Defendant for taking leave, and Mr. Schindel, on more than one occasion, stated that Plaintiff should consider herself lucky that she was granted leave in the first place.

12. As per agreement with the Armory, Plaintiff was scheduled to return to work on January 2, 2018. While at home nursing for her newborn, despite being on leave, Plaintiff continued to remain active with her employment, furnishing work from home when requested and/or needed.

13. On or about November 27, 2017, Plaintiff contacted Defendant and inquired about extending her maternity leave beyond January 2, 2018.

14. Plaintiff's inquiry was prompted by her existing medical status and condition, and the needs of both mother and newborn child.

15. At no time did Plaintiff state or indicate any intention not to return to employment on January 2, 2018. Rather, Plaintiff merely inquired about what, if any, options were available for her to extend her maternity leave.

16. Following a subsequent e-mail exchange between the parties, on December 8, 2017, Plaintiff notified Defendant her intent to explore and/or pursue leave under the Family Medical Leave Act (29 U.S.C. sec. 2601, et seq.) ("FMLA").

17. Rather than respond to her inquiry, and as a direct result of her pregnancy; maternity leave; and her inquiry as to further ~~maternity~~ leave under FMLA, Defendant instead terminated Plaintiff's employment on December 12, 2017. [Formatted: Strikethrough]

18. The termination occurred prior to Plaintiff's agreed upon maternity leave expiring and without providing Plaintiff an opportunity to return to work on January 2, 2018 as planned.

3

19. There is no non-discriminatory basis to justify Defendant's decision to terminate, as Plaintiff not only continually performed in her employment in a professional and skillful manner, but also continued such efforts during her pregnancy and immediately following the birth of her child.

20. Similarly situated non-pregnant individuals employed with Defendant have not been subjected to such adverse actions.

21. Defendant's refusal to allow Plaintiff to return to work after the agreed-upon leave is in direct contrast to the treatment of employees with non-pregnancy related disabilities.

22. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

**FIRST CLAIM FOR RELIEF**
**(Pregnancy and Sex Discrimination in Violation of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e et. seq.)**

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24. As a proximate result of Defendant's discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

25. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

26. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

27. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

**SECOND CLAIM FOR RELIEF**
(Discrimination in Violation of Americans with Disabilities Act,
Title I, 42 U.S.C. § 12101 et. seq.)

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. As a proximate result of Defendant's discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

30. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

31. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

32. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

**THIRD CLAIM FOR RELIEF**
( Pregnancy, Disability and Sex Discrimination in Violation of New York Human Rights
Law § 296.1 codified as N.Y. Executive Law, Article 15)

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

[Deleted:]

34. Pursuant to the applicable provisions of New York State Human Rights Law, it is unlawful to discriminate against Plaintiff because of her pregnancy.

35. The Defendant's conduct as alleged above constitutes discrimination based on pregnancy and/or disability discrimination in violation of NYSHRL § 296.

36. As a proximate result of Defendant's discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

37. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

38. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

39. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

*FOURTH CLAIM FOR RELIEF*
*(Violation of Family Medical Leave Act, 29 U.S.C. sec. 2601, et seq.)*

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendant falls within the definition of a covered employer under the FMLA.

42. As a direct result of Plaintiff requesting leave under FMLA, Defendant terminated her employment, in violation of the statute.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant on each cause of action as specified herein for the following relief:

A) An award of Plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

B) An award of damages in an amount to be determined at trial to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

C) An award of punitive damages;

D) An order enjoining Defendant from engaging in the wrongful practices alleged herein;

E) An award of reasonable attorneys' fees and the costs of this action; and

F) Such other and further relief as this Court may deem just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Woodbury, New York
December __, 2020

[Deleted: 19, 2018]

GREGORY A. TSONIS, PLLC

_____
Gregory A. Tsonis (GT-5737)
Attorneys for Plaintiff
*Maria Lupardo*
6800 Jericho Turnpike, Suite 120W
Syosset, NY 11797
516-393-5876

8