UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARIA LUPARDO

                        Plaintiff,

        -against-

THE ARMORY FOUNDATION

                        Defendant.

------------------------------------------------------------------------X

Docket No: 18 CV 11984 (JPC) (SN)

## MEMORANDUM OF LAW SUPPORT OF PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND PLEADING

GREGORY A. TSONIS, PLLC
*Attorneys for Plaintiff*
6800 Jericho Tpke, Suite 120w
Syosset, NY 11791
(516) 393-5876

To:    Gregory R. Bennett, Esq.
       Traub Lieberman Straus & Shrewsberry, LLP
       *Attorneys for Defendant*
       Mid-Westchester Executive Park
       Seven Skyline Drive
       Hawthorne, NY 10532
       (914) 347 - 2600

<u>**TABLE OF CONTENTS**</u>

<u>**Page**</u>

**TABLE OF AUTHORITIES**   …..………………………………………….........…ii

**PRELIMINARY STATEMENT**……………………………………….....................................1

**STATEMENT OF FACTS**……………………………….....................................…1

**ARGUMENT**

    **I.**    **LEAVE TO AMEND PLAINTIFF'S COMPLAINT SHOULD BE FREELY GIVEN** …......................................................…3

**CONCLUSION**……………………………………………………………….4

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

<u>**Cases**</u>

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962) **.…....................................3,4**

*Anderson News, LLC v. Am. Media, Inc.*,
680 F.3d 162, 185 (2d Cir. 2012) **.….............................................…..…….....3**

*Cruz v. TD Bank, N.A.*, 742 F.3d 520 (2013)**………………………....……………...3**

<u>**Statutes**</u>

*F.R.C.P. Rule 15* **………………………………………………………………3**

*Family Medical Leave Act, 29 U.S.C. sec. 2601, et. seq.* **………………………..….2**

<u>**Treatises**</u>

*Wright and Miller, Federal Practice and Procedure*,
Vol. 5A 1357**………………………………….…………………………………...3**

## PRELIMINARY STATEMENT

Plaintiff, Maria Lupardo, respectfully submits this memorandum of law in support of her motion seeking leave pursuant to Rule 15(A)(2) of the Federal Rules of Civil Procedure (F.R.C.P.) to amend her Complaint to conform to evidence acquired through the course of discovery and to include an additional cause of action.  As discussed more fully below, leave to amend ones pleading is routinely given absent the presence of prejudice against the non-moving party, here Defendant The Armory Foundation (the "Armory").  Plaintiff seeks to amend following the completion of discovery from which specifics as to the allegations in her Complaint derived so that her pleading conforms to what has been discovered by the parties.  Although it is Plaintiff's belief that the original Complaint provides sufficient notice of facts and circumstances upon which Plaintiff's proposed amendments are predicated, in an abundance of caution Plaintiff moves herein.  For the foregoing reasons, Plaintiff's motion should be granted in its entirety.

## STATEMENT OF FACTS

Ms. Lupardo commenced employment with the Armory in or around February 2014, receiving recognition throughout her employment for her contributions to the Armory, and ultimately attaining the position of Executive Vice President.  In early 2017, Plaintiff's pregnancy became wide-spread knowledge throughout the Armory, at which point, as alleged in her Complaint, her direct supervisors, Defendant's Co-Presidents Jonathan Schindel and Rita Finkel, began treating Ms. Lupardo adversely and disparately as a result of her pregnancy.  *See* The Affirmation of Gregory A. Tsonis, Esq. ("Tsonis Aff.") Exhibit "A".

Although not necessarily relevant to the instant motion, the discrimination continued against Ms. Lupardo up through the time she took maternity leave on August 7, 2017, and thereafter.  As alleged in the Complaint, on November 27, 2017 , Ms. Lupardo requested additional

leave from the Armory.  Tsonis Aff., Ex. A, para. 13.  As alleged in the Complaint, Ms Lupardo was terminated on December 12, 2017.  Tsonis Aff., Ex. A, para. 16.  Through the course of discovery, it was uncovered that multiple e-mails were exchanged between Ms. Lupardo and Defendant's Co-President Jonathan Schindel between Ms. Lupardo's initial request for leave on November 27, 2017 and Ms. Lupardo's termination on December 12, 2017.  A copy of the e-mail exchange is annexed to the Affidavit of Maria Lupardo ("Lupardo Aff.") as Exhibit "A".  In one of those e-mails, dated December 8, 2017,  Ms. Lupardo explicitly seeks leave under the Family Medical Leave Act ("FMLA").  *See* Lupardo Aff., Ex. A (stamped Plaintiff 13). In response to this e-mail, Ms. Lupardo was terminated by the Armory.  Lupardo Aff., Ex. A (stamped Plaintiff 12).

The aforementioned e-mail exchange between Ms. Lupardo and Defendant Schindel was fully probed and tested during the course of discovery.  Despite the length of time it took to complete discovery, exacerbated greatly by the existing pandemic in our country,  depositions of the parties took place on October 1, 2020 (Plaintiff) and October 14 & 22, 2020 (Defendant). During those depositions, the e-mail by which Ms. Lupardo requested leave under FMLA was raised and exhibited by both parties against the other.

Plaintiff now moves to amend her pleading to include a cause of action for FMLA violation and to specifically plead as to the above-referenced e-mail exchange.  Plaintiff's proposed Amended Complaint and the blackline comparison of the operative pleading and proposed amended pleading in accordance with the Court's Individual Rule 6(A) are annexed to the Tsonis Aff. as Ex. "B" and "C", respectively.

## ARGUMENT

## LEAVE TO AMEND PLAINTIFF'S COMPLAINT SHOULD BE FREELY GIVEN

It is well established that leave to amend one's pleading should be freely given.  See F.R.C.P. Rule 15(a)(2).  Courts routinely allow parties to amend their answers to assert claims where, as here, there is no prejudice to the non-moving party. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962); *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *see also* F.R.C.P. Rule 15.  It is the usual practice upon granting a motion to dismiss to allow leave to replead.  *Cruz v. TD Bank, N.A.*, 742 F.3d 520 (2013).  "Amendment should be refused only if it appears to a certainty that a plaintiff cannot state a claim." *See Wright and Miller, Federal Practice and Procedure*, Vol. 5A 1357.

In *Foman*, supra, the Supreme Court held:

> "that Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given.""

*Foman*, 371 U.S. at 182.

Defendant will not suffer undue prejudice from the filing of Plaintiff's proposed Amended Complaint because the request for leave to amend pertains to the addition of mere specifics to allegations asserted in the Complaint.  Furthermore, the additional facts in the Amended Complaint, upon which the new cause of action is predicated, are already well known to the Defendant and in its possession.

3

Furthermore, Defendant was afforded a full and fair opportunity to conduct discovery as to the salient e-mail exchange and FMLA request by Plaintiff and defend against the same, completing discovery in connection therewith. Defendant is therefore not wanting for any additional information from Plaintiff regarding the proposed amendments or her proposed claim for FMLA violation. Therefore, no further discovery is required in connection with the proposed amendments, and Defendant cannot claim even a scintilla of surprise or prejudice as a result thereof. Similarly, none of the other *Foman* factors are present.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion seeking leave to amend his pleading pursuant to F.R.C.P. Rule 15(a)(2) should be granted.

Dated: Syosset, New York
            December 3, 2020

GREGORY A. TSONIS, PLLC

By: _____/S/_____
            Gregory A. Tsonis (GT-5737)
            *Attorneys for Plaintiff*
            6800 Jericho Turnpike, Suite 120W
            Syosset, NY 11797