| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK --------------------------------------------------------x MARIA LUPARDO,              Plaintiff,      -against- THE ARMORY FOUNDATION,              Defendant. --------------------------------------------------------x | Civil Action No. 18-cv-11984 (JPC) (SN) |

## DEFENDANT'S MEMORANDUM OF LAW IN
## <u>OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT</u>

Of Counsel:
    Gregory R. Bennett, Esq.

*Traub Lieberman Straus &*
*Shrewsberry LLP*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600
*Attorneys for Defendant The Armory*
*Foundation*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..............................................................................................1

FACTS AND PROCEDURAL BACKGROUND.................................................................2

    A.    Allegations in Plaintiff's Complaint ..........................................................2

    B.    Procedural History Relevant to the Motion ...............................................3

LEGAL ARGUMENT..........................................................................................................5

    A.    Issues Common to Each of the Foundation's Arguments.........................5

        i.    Standard Governing the Motion...................................................5

        ii.    Plaintiff Has Effectively Sought to Amend the
            Complaint at the Summary Judgment Stage..................................6

        iii.    The Statutory Framework Applicable to FMLA
            Claims is Fundamentally and Materially Distinct
            From That Which Applies to the Claims in the Complaint .......................7

    B.    The Motion Should be Denied in its Entirety Because
        Plaintiff Waited Until After the Close of Discovery to
        Seek Amendment, Causing Undue Prejudice to the Foundation............................8

        i.    Plaintiff's Inexplicable Delay ...................................................8

        ii.    The Foundation Did Not Have Fair Notice of Any
            Possible FMLA Claim, and Consequently, it
            Would Suffer Significant Prejudice That Could
            Not be Reversed.......................................................................9

    C.    The Motion Should be Denied Because Amendment
        Would be Entirely Futile...............................................................13

        i.    Any FMLA Claim is Time-Barred, and Plaintiff
            Has Not Come Close to Alleging Conduct that
            Rises to the Level of "Willful" ...................................................13

        ii.    The PAC Has No Allegations Demonstrating,
            Even Minimally, That Plaintiff Was Entitled to
            Any Form of FMLA Benefits ....................................................16

i

D.    The Motion Should be Denied Because it is Based on Bad Faith .........................18

      i.    The Plaintiff Has Had the Emails Allegedly Prompting
          the Motion's Filing Since December 2017 ................................................18

      ii.    While the Foundation Reserves All of its Rights, the
          Court May Act on its Own Initiative Regarding
          Plaintiff's Characterization of the Reason Purportedly
          Prompting the Motion's Filing.................................................................19

E.    The Motion Should be Denied Because it Would
      Constitute Additional Undue Delay......................................................................19

CONCLUSION..............................................................................................................20

## TABLE OF AUTHORITIES

<u>**CASES**</u>

*Berman v. Parco*,
986 F. Supp. 195 (S.D.N.Y. 1997)...............................................................13

*Block v First Blood Assoc.*,
988 F.2d 344 (2d Cir. 1993) .........................................................................9

*Calabro v. Stone*,
2005 WL 327547 (E.D.N.Y. 2005)..............................................................18

*Eaton-Stephens v. Grapevine Colleyville Ind. Sch. Dist.*,
715 Fed. Appx. 351 (5th Cir. 2017) ..............................................................9

*Eisenberg v. Advance Relocation & Storage, Inc.*,
237 F.3d 111 (2d Cir. 2000) ..........................................................................7

*Forman v. Mount Sinai Med. Ctr.*,
128 F.R.D. 591 (S.D.N.Y. 1989) .................................................................19

*Grace v Rosenstock*,
228 F.3d 40 (2d Cir. 2000) .....................................................................8, 13

*Higgins v. NYP Holdings, Inc.*,
836 F. Supp. 2d 182 (S.D.N.Y. 2011) ........................................................17

*Jordan v. Chase Manhattan Bank*,
91 F. Supp. 3d 491 (S.D.N.Y. 2015) .............................................................5

*McCarthy v Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007)........................................................................12

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988)....................................................................................15

*Melendez v. Cablevision Systs. Corp.*,
2018 WL 2727890 (S.D.N.Y. 2018)............................................12, 14, 15, 17

*Moccio v. Cablevision Systems Corp.*,
208 F. Supp. 2d 361 (E.D.N.Y. 2002) ........................................................11

*Morency v. NYU Hosps. Ctr.*,
728 Fed. Appx. 75 (2d Cir. 2018) .......................................................9, 19, 20

*Ocampo v. 455 Hosp. LLC*,
  2016 WL 4926204 (S.D.N.Y. 2016) ....................................................... 14

*Priestley v. Am. Airlines, Inc.*,
  1991 WL 64459 (S.D.N.Y. 1991) ........................................................... 12

*Rosario v Mis Hijos Deli Corp.*,
  2018 WL 4636822 (S.D.N.Y. 2018) ....................................................... 15

*United States ex rel. Brooks v. Stevens-Henager Coll.*,
  305 F. Supp. 3d 1279 (D. Utah 2018) ................................................... 9, 11

*Vetromile v. JPI Partners, LLC*,
  706 F. Supp. 2d 442 (S.D.N.Y. 2010) ..................................................... 6

*Watkins v. First Student, Inc.*,
  2018 WL 1135480 (S.D.N.Y. 2018)
  (quoting certain aspects of 29 U.S.C. 2612(a)(1) ...................... 8, 14, 15, 16, 17

*Witkowski v. Niagara Jet Adventures, LLC*,
  2018 WL 10483458 (W.D.N.Y. 2018) ....................................................... 6

## **STATUTES**

28 U.S.C. §1927 ........................................................................................ 19

29 C.F.R. §825.219 .................................................................................... 8

29 U.S.C. §2611 ................................................................................... 8, 13

42 U.S.C. §12101 ....................................................................................... 3

42 U.S.C. §12111 ....................................................................................... 7

42 U.S.C. §2000 ................................................................................ 3, 7, 16

Fed. R. Civ. P. 8 ................................................................................... 9, 10

Fed. R. Civ. P. 11 ..................................................................................... 19

Fed. R. Civ. P. 12 ...................................................................... 1, 13, 14, 15

Fed. R. Civ. P. 15 ........................................................................... 1, 5, 13

N.Y. Exec. Law §292................................................................................................................ 7

New York Human Rights Law §296 .......................................................................................... 3

**OTHER AUTHORITIES**

Civil Rights Act of 1964........................................................................................................... 3

## I.  PRELIMINARY STATEMENT

Defendant The Armory Foundation respectfully submits this memorandum of law in opposition to the motion of Plaintiff Maria Lupardo ("Plaintiff") seeking to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2) (the "Motion").   In sum, the Foundation respectfully submits that the Motion should be denied, in its entirety, for the following reasons:

- Following the close of discovery and the Foundation's notification to the Court that it intended to seek summary judgment on the Complaint, Plaintiff seeks to add an unspecified type of FMLA claim to the Complaint.  While Plaintiff tries to downplay the significance of the relief she seeks in the Motion by claiming it is merely to "conform" the Complaint to the evidence obtained in discovery, that argument rings hollow because she was aware of a possible FMLA claim on December 12, 2017 when she learned of her termination, and because she *produced* the very document that purportedly prompts the Motion in *March 2019*;

- Despite Plaintiff's insistence that her inexplicable delay did not prejudice the Foundation because it had sufficient opportunity to "probe" the phantom FMLA claim(s) during discovery, the Foundation would suffer significant prejudice if the Motion were granted, in that it (i) constructed its entire theory of defense around the claims Plaintiff actually pled, and it would have investigated internally, and explored during discovery, *numerous* legal and factual issues for the first time and/or in a different manner, had the Complaint included one or more FMLA claims, (ii) it would have meaningfully evaluated whether to waive the attorney-client privilege, in whole or in part, with respect to any communications it had with legal counsel preceding Plaintiff's termination, and (iii) it would have prepared for *all parties'* depositions in a far different manner.   The vague allegations in the Complaint do not come anywhere close to satisfying the "fair notice" pleading requirement contained in Fed. R. Civ. P. 8, insofar as they could possibly have put the Foundation on notice that any form of claim under the FMLA could have been asserted in this action;

- The amendment sought through the Motion is entirely futile, in that any FMLA claim is time-barred and/or because the proposed amended complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6);

- The very premise of the Motion – that the delay was because the subject communications were obtained during "discovery" – is simply a farce, and thus, it constitutes bad faith which the Court should seek to deter, not reward; and

- Granting the Motion would result in undue delay in that the Foundation would need to (i) respond to the amended pleading, including substantively new defenses, (ii) conduct internal investigation, and (iii) conduct significant

additional documentary and testimonial discovery as identified herein.

## II. FACTS AND PROCEDURAL BACKGROUND

### A. *Allegations in Plaintiff's Complaint*

According to the Complaint, the Foundation employed Plaintiff from February 2014 until December 2017, most recently in the position of Executive Vice-President.  *See* Complaint ¶¶7-8. (ECF Doc. #1) (annexed to the Declaration of Gregory R. Bennett, Esq. as Exhibit "A.") (referred to herein as Bennett Decl. ¶__ ").[1]  Plaintiff generally alleges she announced her pregnancy in 2017, and that she was thereafter "met with aversion on the part of [the Foundation], specifically from [its] co-presidents . . . ."  Ex. A ¶9.  Plaintiff further alleges that certain "individuals [within the Foundation] expressed dissatisfaction with [her] pregnancy and, more specifically, [her]anticipated maternity leave, verbally expressing to [her] that her pregnancy and potential leave was an annoyance to [the Foundation's] business operation."  *Id.* ¶10.

On or about August 7, 2017, Plaintiff commenced her maternity leave from the Foundation, and her child was born thereafter.  Ex. A ¶11.  While Plaintiff agreed to return to the Foundation on January 2, 2018, Plaintiff claims she contacted the Foundation on or about November 27, 2017 to inquire about extending her maternity leave.  *Id.* ¶12-13.  Allegedly, this request was "prompted by [Plaintiff's] existing medical status and condition, and the needs of both mother and newborn child."  *Id.* ¶14.  Instead of responding to her inquiry, Plaintiff alleges, the Foundation terminated her employment on December 12, 2017, purportedly "as a direct result of her pregnancy; maternity leave; and her inquiry as to further maternity leave."  *Id.* ¶16.

---

[1] Plaintiff alleges that she is a "female citizen of the United States and a resident of Queens County, New York," and offers the conclusory allegation that the Foundation "is an employer within the meaning of 42 U.S.C.A. §2000e-b."  Ex. A ¶¶4-5.

Plaintiff makes clear in the "Nature of the Claim" section of her Complaint that she filed this action "to recover damages pursuant to pregnancy, disability and sex discrimination perpetrated against her by . . . The . . . Foundation . . . pursuant to the Civil Rights Act of 1964, Title VII (codified as 42 U.S.C. § 2000e et. seq.) [hereinafter "Title VII"]; Americans with Disabilities Act, Title I (codified as 42 U.S.C. § 12101 et seq.) [hereinafter the "ADA"]; as well as pursuant to the New York Human Rights Law § 296.1 (codified as N.Y. Executive Law, Article 15) [hereinafter the ["HRL"]."  Ex. A ¶1; *see also id.* ¶¶22-38.

## B.    *Procedural History Relevant to the Motion*

As of tomorrow, Plaintiff commenced this action two years ago, on December 19, 2018. *See* Ex. A.  As set forth in its Answer and Affirmative Defenses, the Foundation generally denies that it discriminated against Plaintiff in any way in connection with her employment, and otherwise identified a number of defenses to her stated claims, including, but not limited to, that the Foundation had legitimate nondiscriminatory reasons for each action taken regarding Plaintiff's employment.  *See generally* Answer and Affirmative Defenses, dated January 29, 2019 (ECF Doc. #8) (annexed to the Bennett Decl. as Exhibit "B").

Pursuant to this Court's Second Amended Standing Administrative Order (M10-468), this action was referred to mandatory mediation on February 4, 2019.  *See* ECF Doc. #9.  On March 1 and 29, 2019, in connection with the anticipated mediation, the Foundation and Plaintiff served responses and documents in response to the Court's Pilot Discovery Protocols for Counseled Employment Cases, respectively.   *See* Bennett Decl., Ex. C (the Foundation's Disclosures); *Id.*, Ex. D (Plaintiff's Disclosures and document production).

On May 28, 2019, the Court entered an Order establishing July 11, 2019 as the date for the initial case management conference (ECF Doc. #15).   On July 11, 2019, the Court rescheduled the initial case management conference to a later date because Plaintiff failed to appear.   *See* ECF Doc. #16.   Ultimately, the parties' respective counsel engaged in this conference by meeting with The Honorable Deborah A. Batts to discuss the action on October 3, 2019 (ECF Doc. #19).   The Court entered a Scheduling Order shortly thereafter.   *See* ECF Doc. #20.

On or about March 4, 2020, Plaintiff served the Foundation with a set of Document Requests (annexed to the Bennett Decl. as Exhibit "E").[2]   On April 2, 2020, the Foundation served its Response to Plaintiff's Document Requests (annexed to the Bennett Decl. as Exhibit "F").   On June 3, 2020, the Foundation served Plaintiff with its privilege log in connection with its Response to Plaintiff's Document Requests (annexed to the Bennett Decl. as Ex. "G").

During the course of discovery, the parties' counsel exchanged a number of communications concerning the proper scope of the Foundation's discovery of Plaintiff's medical records, as it related to the claims in Plaintiff's Complaint (annexed collectively to the Bennett Decl. as Ex. "H").

On October 22, 2020, the parties filed a joint letter in response to the Court's October 8, 2020 Notice of Reassignment (ECF Doc. #54).

On October 23, 2020, discovery closed in this action.   *See* ECF Doc. #53.

On November 6, 2020, the Foundation filed a letter with the Court requesting a conference in connection with an anticipated summary judgment motion.   *See* ECF Doc. #56.

---

[2]  The Foundation filed a motion in January 2020 seeking to compel Plaintiff to comply with its discovery

On November 9, 2020, Plaintiff responded to the Foundation's November 6 letter, and "cross-requested" a conference in connection with an anticipated motion to amend the Complaint.  *See* ECF Doc. # 57.

On December 4, 2020, Plaintiff filed the Motion, including a proposed amended complaint (the "PAC").  *See* ECF Doc. #60.  Through the PAC, Plaintiff seeks to amend the Complaint as follows:

- Inserting into Paragraph 16:  "Following a subsequent e-mail exchange between the parties on December 8, 2017, Plaintiff notified Defendant [of] her intent to explore and/or pursue leave under the Family [and] Medical Leave Act (29 U.S.C., sec. 2601 et seq. ("FMLA).";
- Inserting "under FMLA" into Paragraph 17; and
- Adding a "FOURTH CLAIM FOR RELIEF" containing the following substantive allegations:  "Defendant falls within the definition of a covered employer under the FMLA"; and "As a direct result of Plaintiff requesting leave under FMLA, Defendant terminated her employment in violation of the statute."

*See* ECF Doc. #60-4 (alterations added).

## III.  <u>LEGAL ARGUMENT</u>

As addressed herein *seriatim*, the Foundation respectfully submits that the Court should deny the Motion in its entirety as a result of prejudice, futility, bad faith and/or undue delay.

### A.    *Issues Common to Each of the Foundation's Arguments*

#### i.    *Standard Governing the Motion*

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with . . . the court's leave."  While such leave "shall be 'freely' given when 'justice so requires' . . . a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party . . . ." *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 509-10 (S.D.N.Y. 2015).

---

demands, which was resolved by this Court.  *See* ECF Doc. #s 25-31.

ii.    *Plaintiff Has Effectively Sought to Amend the Complaint at the Summary Judgment Stage*

As set forth above, the parties filed a joint letter with the Court on October 22, 2020.  *See* ECF Doc. #54.  During the drafting process of that joint letter, and through the filed version, Plaintiff learned that it was the Foundation's position that the Complaint did not contain any claim under the FMLA, "as any such claim would be time-barred and is not mentioned at all in the Complaint."  *Id.* at 1, No. 2.  The next day, October 23, discovery in this action closed., Thereafter, Plaintiff initiated her first effort to amend the Complaint *after* the Foundation informed the Court it intended to seek summary judgment (which was 18 days after the parties filed the joint letter).  *See* ECF Doc. #53, 56-57.

Despite the slight procedural distinction, in that the Foundation has not yet filed a formal summary judgment motion, the Foundation respectfully submits that this Court should follow numerous other courts within, and beyond, the Southern District by denying the Motion in its entirety because a "party may not automatically raise a claim at summary judgment that [s]he did not plead," even if the Court has the discretion to allow a party to do so.  *Vetromile v. JPI Partners, LLC*, 706 F. Supp. 2d 442, 455-56 (S.D.N.Y. 2010) (alteration added); *see also Northern Shipping Funds I, L.L.C. v. Icon Capital Corp.*, 998 F. Supp. 2d 301 (S.D.N.Y. 2014) ("Motions for summary judgment should be decided on *the claims as pled*, not as alleged in motion papers.") (emphasis added); *Witkowski v. Niagara Jet Adventures, LLC*, 2018 WL 10483458 (W.D.N.Y. 2018) (same).

iii.     *The Statutory Framework Applicable to FMLA Claims is Fundamentally and Materially Distinct From That Which Applies to the Claims in the Complaint*

The Complaint contains claims under Title VII, the ADA and the HRL.  Generally, these statutes prohibit covered employers from discriminating against employees because of a protected class and/or retaliating against them because they engaged in activity protected under the applicable statute.[3]  Pursuant to Title VII and the ADA, an entity qualifies as an "employer" if it engages "in an industry affecting commerce" and "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."  42 U.S.C. §2000e(b); 42 U.S.C. §12111 (5)(A).  Unless one qualifies as an independent contractor, any individual working for an "employer" may assert a claim under either statute. *See, e.g.*, *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000) ("Title VII and the NYHRL cover 'employees'"); *see also* N.Y. Exec. Law §292(5) ("'employer' does not include any employer with fewer than four persons in his or her employ").

By stark contrast, the FMLA "entitles 'eligible employee[s]' to twelve weeks of unpaid leave per year for certain family emergencies," including the "birth of a son or daughter of the employee and in order to care for such son or daughter," because of "the placement of a son or daughter with the employee for adoption or foster care," in "order to care for the spouse, or a son, daughter, or parent, of the employee, if such [family member] . . . has a serious health condition," because "of a serious health condition that makes the employee unable to perform the functions of the position of such employee," because of a "qualifying exigency" in connection with a covered servicemember being on active duty or issues those may have arisen in connection with the present pandemic.  *Watkins v. First Student, Inc.*, 2018 WL 1135480, at *11

---

[3]   Certain aspects of the ADA and HRL impose affirmative obligations on employers in particular situations that are not applicable here.

(S.D.N.Y. 2018) (quoting certain aspects of 29 U.S.C. §2612(a)(1)).  "[T]o be eligible for FMLA benefits, an employee must have been employed for at least twelve months with an employer and have worked at least 1,250 hours in the twelve months preceding the date on which eligibility is determined."  *Watkins*, 2018 WL 1135480, at *11 (alteration in original); *see also* 29 U.S.C. §2611(2)(a).  "The FMLA defines 'employer' as 'any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.'" *Watkins*, 2018 WL 1135480, at *11 (quoting 29 U.S.C. §2611(4)(A)(i)).   Finally, certain limitations exist with respect to "restoration" rights under the FMLA, as to particular employees.  *See* 29 C.F.R. §825.219 (discussing "key employee" issues).

**B.**     ***The Motion Should be Denied in its Entirety Because Plaintiff Waited Until After the Close of Discovery to Seek Amendment, Causing Undue Prejudice to the Foundation***

      *i.*     *Plaintiff's Inexplicable Delay*

As set forth above, Plaintiff commenced this action two years ago as of tomorrow.  *See See* ECF Doc. #1.   Moreover, Plaintiff learned of the Foundation's position regarding the absence of FMLA claims from the Complaint on October 22, 2020, discovery closed on October 23, and Plaintiff only first sought to make an effort to amend the Complaint after the Foundation informed the Court it intended to seek summary judgment.  *See* ECF Doc. #53, 54, 56-57. Plaintiff offers no legitimate explanation for this delay at all.[4]

This Court "has discretion to deny [the Motion] . . . where [it] . . . is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties . . . ." *Grace v Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000).  Moreover,

---

[4]  While Plaintiff has offered *an* explanation, the Foundation submits that it is not a legitimate one, as addressed in greater detail in section III(D) *infra*.

"the longer the period of an unexplained delay, *the less will be required* of the nonmoving party in terms of a showing of prejudice." *Block v First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (emphasis added); *see also Morency v. NYU Hosps. Ctr.*, 728 Fed. Appx. 75 (2d Cir. 2018) ("[T]he liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly . . . .").

> ii.   *The Foundation Did Not Have Fair Notice of Any Possible FMLA Claim, and Consequently, it Would Suffer Significant Prejudice That Could Not be Reversed*

While Plaintiff argues in a conclusory (and inaccurate) manner that the Motion should be granted simply because she unilaterally believes that some unspecified and vague claim under the FMLA was somehow "fully probed and tested during the course of discovery" in this action, ECF Doc. #60-7 at 5, the Foundation vehemently disagrees.  In fact, the Complaint does not refer to the FMLA by name or citation anywhere, nor does it provide sufficient factual allegations to give the Foundation fair notice that she was ever contemplating asserting a claim thereunder. Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading only contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . serves the important purpose of requiring plaintiffs to state their claims intelligibly *so as to inform the defendants of the legal claims being asserted*."  *United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).  As aptly explained by the *Brooks* court:

> a complaint must explain what each defendant did ...; when the defendant did it; how the defendants actions [caused harm]; and, what *specific legal right the plaintiff believes the defendant violated*.... [T]hese are, very basically put, the elements that enable the legal system to get weaving—*permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits*.

*Id.* (emphases added); *see also cf. Eaton-Stephens v. Grapevine Colleyville Ind. Sch. Dist.*, 715 Fed. Appx. 351, 356-57 (5th Cir. 2017) (affirming trial court's determination that plaintiff failed

to plead any FMLA claim, even where plaintiff "*refer[red] to the FMLA* in her First Amended Complaint," holding that it did not comply with Fed. R. Civ. P. 8) (emphasis added).

Contrary to Plaintiff's unilateral belief, the Foundation developed its defense in this action based on the claims Plaintiff pled in her Complaint.  Had the Complaint contained one or more claims under the FMLA, the defense strategy the Foundation developed for this action would *unquestionably* have been materially different.  Examples of how the Foundation may have proceeded differently had the Complaint contained one or more claims under the FMLA include, but are not limited to:

(i) While the PAC does not even address these issues, the Foundation would have investigated internally, and explored with Plaintiff before and during her deposition, whether she was, in fact, an eligible employee under the FMLA based on the amount of hours she worked in the twelve-month period of time preceding her December 8, 2017 reference to the FMLA.  *See* ECF Doc. #60-6.  In the event the Foundation identified documents supporting her lack of eligibility – following, among other things, an analysis of every single email she sent or received since the beginning of her maternity leave and/or seeking her cell phone call history to identify any work-related calls during her maternity leave – it would have produced them during discovery in support of its defense(s);

(ii) For reasons explained in Section III(C)(i) *infra*, the Foundation would have meaningfully evaluated whether to waive the attorney-client privilege, in whole or in part, with respect to any communications it had with legal counsel preceding Plaintiff's termination;

(iii) The Foundation would have exerted significant efforts internally to investigate any relevant FMLA-related history with its personnel in general, including whether formal FMLA leave requests were made previously, and if so, how the Foundation responded to them;

(iv) While the Court and Foundation are still "in the dark" with respect to the *basis* for Plaintiff's apparent belief she was entitled to leave under FMLA, the Foundation would have explored that issue during discovery, including documentary discovery, and in preparing for *all parties'* depositions (e.g., if it was because of a "serious health condition" attributable to Plaintiff, the Foundation would have sought all medical records bearing upon that issue; if the basis was because of the "birth of a son or daughter," the Foundation would have sought all records relating to the birth, so as to verify the precise date of birth, etc.); and

10

     (v)  The Foundation would have investigated, at a minimum internally, whether it could, at any time, have been regarded as a covered employer under the FMLA and whether Plaintiff could have been designated as a "key employee," and if so, whether such designation could have altered any of her alleged rights under the FMLA, and produced any documents supportive of such a defense(s).

Now, after discovery is over and nearly two years from filing her Complaint, Plaintiff seeks to add some type of claim(s) under the FMLA based on information she knew *at the time she learned her employment was terminated.  See* ECF Doc. #60-6 at 3-4 (emails between the parties wherein *Plaintiff* refers expressly to the "FMLA").  To illustrate the inequity that would result if the Motion were granted, the Foundation respectfully submits that the Court itself would not have been able to adjudicate any dispute that arose in this action if it stemmed from a discovery demand the Foundation served based on the mere *inference* that Plaintiff might have been asserting some type of FMLA claim.  *See Moccio v. Cablevision Systems Corp.*, 208 F. Supp. 2d 361, 380 (E.D.N.Y. 2002) (recognizing that plaintiffs were not entitled to discovery because they had "not pled a legally viable . . . claim"); *United States ex rel. Brooks*, 305 F. Supp. 3d at 1307 (including within a complaint a reference to the "specific legal right the plaintiff believes the defendant violated," among other things, is "very basically put, [an] element[ ] that enable[s] the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense *and the court sufficient clarity to adjudicate the merits*.") (alterations and emphasis added).

Because the allegations in the Complaint did not provide the Foundation with fair notice that Plaintiff ever contemplated asserting a claim under the FMLA, the Foundation would be significantly prejudiced by the granting of the Motion, in that it would be entirely and totally unprepared to seek summary judgment, or prepare for trial, on a version of the complaint which contained any claims under the FMLA.  Even if this Court accepts the PAC and reopens

discovery (which would be necessary), the Foundation's ability to maintain any level of confidentiality over the contours of its anticipated theories of defense is utterly lost (i.e., the bell cannot be "unrung").   The foregoing prejudice, coupled with the lack of any legitimate explanation from Plaintiff as to why she waited until discovery *concluded* to try and add an FMLA claim she knew about on the date she was terminated, demonstrates convincingly that the Court should deny the Motion in its entirety.  *See McCarthy v Dun & Bradstreet Corp.*, 482 F.3d 184, 201-02 (2d Cir. 2007) (recognizing that "[h]aving received [fair] notice, a defendant may conduct his trial preparation accordingly and is not required, based on the plaintiff's subsequent conduct in litigation, to *anticipate future claims that a plaintiff might intend to pursue*.") (emphasis added); *Priestley v. Am. Airlines, Inc.,* 1991 WL 64459, at *2 (S.D.N.Y. 1991) ("Insofar as the proposed claim [in connection with an amendment motion] is not predicated on facts learned *after the pleading stage of the litigation*, the resulting delay is not excusable . . . ."  "Undue prejudice warrants denial of leave to amend where the proposed claim will significantly increase the scope of discovery when the case is ready for trial.") (emphasis added); *Melendez v. Cablevision Systs. Corp.*, 2018 WL 2727890, at *4-5 (S.D.N.Y. 2018) (granting 12(b)(6) motion, stating that "[e]ven if plaintiff's FMLA allegations were timely . . . the Court would still dismiss them as insufficient to state a claim" because "plaintiff has made no allegations whatsoever regarding his eligibility for FMLA leave, requests for FMLA leave, or denials of FMLA leave. Indeed, as defendant correctly notes, the only mention of the FMLA in the complaint is "a check mark in the 'FMLA' box on page 4.") (emphasis in original); *Morency*, 728 Fed. Appx. at 76-77 (affirming trial court's denial of plaintiff's amendment motion, in part, because "where nearly all of the relevant facts giving rise to [plaintiff's] potential whistleblower claim were or should have been peculiarly within [plaintiff's] possession, [plaintiff] failed to

12

provide a satisfactory explanation for her nearly 13-month delay in seeking amendment”); *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) (“Prejudice to the opposing party if the motion is granted has been described as *the most important reasons* for denying a motion to amend.  Prejudice may be found, for example, when the amendment is sought after discovery has been closed . . . .”) (emphasis added).

**C.    *The Motion Should be Denied Because Amendment Would be Entirely Futile***

In “determining whether leave to amend should be granted, the district court has discretion to consider, *inter alia,* the apparent futility of amendment,” which may include where the claim “would be barred by the applicable statute of limitations,” *Grace*, 228 F.3d at 53-44, and one that could “not withstand a motion to dismiss pursuant to Rule 12(b)(6).” *Jordan*, 91 F. Supp. 3d at 510.  “If the problems with a claim are “substantive” rather than the result of an “inadequately or inartfully pleaded” complaint, an opportunity to replead would be “futile” and “should be denied.”  *Id.*

   i.    *Any FMLA Claim is Time-Barred, and Plaintiff Has Not Come Close to Alleging Conduct that Rises to the Level of “Willful”*

Except in the case of “willful violations,” claims under the FMLA must be asserted “not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.”  29 U.S.C. §2617(c)(1).  According to the Complaint, the Foundation terminated Plaintiff’s employment on December 12, 2017.  *See* Ex. A ¶16.  Moreover, as set forth in detail in Section III(B) *supra*, the allegations in the Complaint do not come close to providing the Foundation with fair notice that any FMLA claim could have been pursued in this litigation.  For the foregoing reasons, Plaintiff cannot avail herself of the relation back provisions of Fed. R. Civ. P. 15(c), and unless Plaintiff’s proposed amended complaint adequately alleges that the Foundation engaged in a willful violation, any purported FMLA claim that Plaintiff

13

seeks to add to the Complaint was time-barred as of December 12, 2019.  *See, e.g.*, *Melendez*, 2018 WL 2727890, at *4-5 (granting 12(b)(6) motion, stating that "[e]ven if plaintiff's FMLA allegations were timely . . . the Court would still dismiss them as insufficient to state a claim" because "plaintiff has made no allegations whatsoever regarding his eligibility for FMLA leave, requests for FMLA leave, or denials of FMLA leave. Indeed, as defendant correctly notes, the only mention of the FMLA in the complaint is "a check mark in the 'FMLA' box on page 4.") (emphasis in original); *Watkins*, 2018 WL 1135480, at *12-13 (granting dismissal motion under Fed. R. Civ. P. 12(b)(6) as to all of plaintiff's FMLA claims, in part, because she "has not alleged any facts indicating that she was an eligible employee or that Defendant was an employer as defined by the FMLA.").

"Violations are considered willful if an employer either knew or recklessly disregarded whether its conduct violated the FMLA."  *Melendez*, 2018 WL 2727890, at *4.  As it relates to the unspecified type of FMLA claim Plaintiff seeks to add to the Complaint, the PAC merely seeks to add that "[f]ollowing a subsequent e-mail exchange between the parties on December 8, 2017, Plaintiff notified Defendant [of] her intent to explore and/or pursue leave under the [FMLA] . . . ."  ECF Doc. #60-4 (alterations added).  Moreover, an exhibit Plaintiff relies on in the Motion demonstrates that the Foundation engaged in efforts to explore her request with legal counsel.  *See* ECF Doc. #60-6 at 3 ("We have reviewed your email and consulted with legal counsel who has advised us that for various reasons you do not have the right to a leave under the FMLA."); *Ocampo v. 455 Hosp. LLC*, 2016 WL 4926204, at *3 (S.D.N.Y. 2016) ("A court may . . . consider a document where the complaint relies heavily upon its terms and effect, [which] render[s] the document integral to the complaint.").

The alleged conduct that is referred to in the Complaint or the PAC is a far cry from plausibly alleging that the Foundation engaged in a "willful" violation of the FMLA, and consequently, the PAC would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).[5]   *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n.13 (1988) ("If an employer acts reasonably in determining its legal obligation [under the FLSA, which is the statute from which the "willful" standard was adopted for the FMLA], its action *cannot be deemed willful* . . . . If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's test, it should *not be so considered under Thurston or the identical standard we approve today*.") (emphases added); *Rosario v Mis Hijos Deli Corp.*, 2018 WL 4636822, at *8 (S.D.N.Y. 2018) ("Because an employer who acts to determine its legal obligations under the FLSA in a non-reckless manner does not willfully violate the FLSA, employers may *preclude a finding of willfulness* if they demonstrate that they consulted with an attorney or accountant who advised them that the practice in question was lawful."); *Melendez*, 2018 WL 2727890, at *4-5 (granting employer's Fed. R. Civ. P. 12(b)(6) motion, in part, because plaintiff failed to file FMLA claim within two years, and because "The complaint does not include anything that could be construed as an allegation that [employer's] actions were 'willful," and therefore an extension of the limitations period is not warranted here."); *Watkins*, 2018 WL 1135480, at *11 ("Plaintiff alleges that '[t]he failure to provide [Plaintiff] with leave to be with [her] sick sons was clearly a willful violation of the FMLA . . .' but does not explain how that denial constitutes a willful violation. Thus, the two-year limitations period applies.") (internal quotations and alterations in original).

---

[5]  As mentioned in Section B(ii) *supra*, the Foundation may have more meaningfully evaluated whether to waive the attorney-client privilege in connection with its discussions with legal counsel, had an FMLA claim been included in the Complaint for this very reason.

ii.     *The PAC Has No Allegations Demonstrating, Even Minimally, That Plaintiff Was Entitled to Any Form of FMLA Benefits*

As explained above, the PAC fails to specify the type of FMLA claim Plaintiff is attempting to assert. *See Watkins*, 2018 WL 1135480, at *11 ("The Second Circuit recognizes two types of claims under the FMLA, interference and retaliation.").  In either instance, however, there are insufficient allegations offered to support *any* type of claim under the FMLA.

Plaintiff alleges that she is a "female citizen of the United States and a resident of Queens County, New York," and offers the conclusory allegation that the Foundation "is an employer within the meaning of 42 U.S.C.A. §2000e-b."  Ex. A ¶¶4-5.  With respect to the alleged reason prompting her "inquir[y]" for "further maternity leave," Plaintiff alleges that it was "prompted by her existing medical status and condition, and the needs of both mother and newborn child." *Id.* ¶¶14, 16.

Notably absent from the PAC is a single non-conclusory allegation regarding (i) whether she was eligible for the FMLA's protections, in particular with respect to the amount of hours allegedly worked in the twelve months preceding the request and/or whether she could have been designated as a "key employee," (ii) whether the Foundation is a covered employer, in particular in light of its "seasonal" employment, (iii) the reason prompting her "inquir[y]" regarding FMLA for "further maternity leave," or (iv) that she was entitled to *any form of leave at all* after her four-plus months of maternity leave.  Such inadequacies would doom the PAC, based on any type of FMLA claim, to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Watkins*, 2018 WL 1135480, at *11 ("To state an interference claim, a plaintiff must adequately plead: (1) that [s]he is an eligible employee under the FMLA; (2) that the defendant is an employer as defined in the FMLA; (3) that [s]he was entitled to leave under the FMLA; (4) that [s]he gave notice to the defendant of h[er] intention to take leave; and (5) that [s]he was denied benefits to which [s]he

16

was entitled under the FMLA."); *Id.* ("Eligibility is a threshold issue, and it is insufficient for [a] [p]laintiff to merely assert in a conclusory manner that [s]he is eligible without stating any facts that relate to the definition of an eligible employee."); *Melendez*, 2018 WL 2727890, at *5 (granting dismissal under Fed. R. Civ. P. 12(b)(6), stating that "[e]ven if plaintiff's FLMA allegations were timely, however, the Court would still dismiss them as insufficient to state a claim [because] . . . plaintiff has made <u>no allegations whatsoever</u> regarding his eligibility for FMLA leave, requests for FMLA leave, or denials of FMLA leave. Indeed, as defendant correctly notes, the only mention of the FMLA in the complaint is a check mark in the 'FMLA' box on page 4.") (internal quotations omitted); *Watkins*, 2018 WL 1135480, at *12 ("Nor has Plaintiff sufficiently alleged that she would be entitled to FMLA leave even assuming she were an eligible employee," ultimately dismissing FMLA claims); *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 195 (S.D.N.Y. 2011) ("To establish a *prima facie* case of retaliation, a plaintiff must establish that (1) he exercised rights protected under the FMLA; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent."); *Watkins*, 2018 WL 1135480, at *12 ("Plaintiff's inability to establish that she was entitled to FMLA leave also *prevents her from asserting an FMLA retaliation claim* . . . .   In order for a plaintiff to 'exercise rights protected under the FMLA,' the plaintiff must demonstrate she *actually has a valid claim to FMLA benefits*.") (emphases added); *Higgins*, 836 F. Supp. 2d at 194 (entitlement to FMLA leave is "necessary predicate" to FMLA retaliation claim).

**D.      The Motion Should be Denied Because it is Based on Bad Faith**

      *i.      The Plaintiff Has Had the Emails Allegedly Prompting the Motion's Filing Since December 2017*

In support of the Motion, Plaintiff states the following:

- "Plaintiff seeks to amend [the Complaint] following the completion of discovery from which specifics as to the allegations in her Complaint derived so that her pleading conforms to what has been discovered by the parties"; and

- "*Through the course of discovery*, it was uncovered that multiple e-mails were exchanged between Ms. Lupardo and Defendant's Co-President Jonathan Schindel between Ms. Lupardo's initial request for leave on November 27, 2017 and Ms. Lupardo's termination on December 12, 2017," a copy of which "is annexed to the Affidavit of Maria Lupardo . . . as Exhibit 'A.'"

*See* ECF Doc. #60-7 at 4-5 (emphasis added).

For two distinct reasons, the Foundation respectfully submits that the basis for the Motion as described above – and, implicitly, in an attempt to justify the nearly two-year delay in its filing – is wholly *illegitimate*.  First, Plaintiff is the one who referred to the FMLA *by name* when she emailed the Foundation on December 8, 2017.  *See* ECF Doc. #60-6 at 4.  Second, Plaintiff *produced* the very email she claims was acquired "[t]hrough the course of discovery" in March *2019*.  *See* Bennett Decl., Ex. D at Page 18/36 (Bates-stamped "Plaintiff0013").  In exercising its discretion with respect to the Motion, this Court may properly take into account "equitable considerations."   *Calabro v. Stone*, 2005 WL 327547, at *1 (E.D.N.Y. 2005).  Respectfully, the Foundation submits that the inaccurate representation offered to support the reason for the Motion's filing, by itself, warrants denial of the Motion.

  ii. *While the Foundation Reserves All of its Rights, the Court May Act on its Own Initiative Regarding Plaintiff's Characterization of the Reason Purportedly Prompting the Motion's Filing*

  To the extent it finds it just and/or otherwise appropriate, the Court may, *sua sponte*, address the manner in which Plaintiff has characterized the reason for the Motion's filing. *See Forman v. Mount Sinai Med. Ctr.*, 128 F.R.D. 591, 604 (S.D.N.Y. 1989) ("[T]he Court could have ordered sanctions pursuant to [28 U.S.C.] §1927 *sua sponte*, as long as defense counsel had notice and an opportunity to be heard") (alteration added); Fed. R. Civ. P. 11(b) ("[b]y presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . [and] . . . (3) the factual contentions have evidentiary support . . . ."); *Id.* §(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

**E. The Motion Should be Denied Because it Would Constitute Additional Undue Delay**

  "[A] district court has discretion to deny leave to amend "where the belated motion would unduly delay the course of proceedings by . . . introducing new issues for discovery." *Morency*, 728 Fed. Appx. at 75.  Should the Court grant the Motion, it would indisputably result in additional delay and unnecessary supplemental fees and costs on this action and the Foundation, respectively.  In particular, the Foundation would need to (i) amend its pleading, (ii) conduct internal investigation, (iii) seek the Court's assistance in compelling Plaintiff to serve responses to two outstanding discovery demands, and (iv) conduct significant additional documentary and testimonial discovery as identified above.  The primary reasons for this is

because (i) the protections afforded to eligible employees by the FMLA differ *dramatically* from those prohibitions that exist in Title VII and the ADA, and (ii) even aside from the foregoing, the statutory schemes governing claims under Title VII, the ADA and the HRL, as compared to the FMLA, are materially distinct, particularly as it relates to the FMLA's vast and comprehensive implementing regulations, who may be regarded as a covered employer, and whom may be regarded as an eligible and/or key employee.  *See Morency*, 728 Fed. Appx. at 77 (finding no abuse of discretion in denying requested amendment because the new "claim—first raised the day depositions were completed at the tail end of discovery—would "introduc[e] new issues for discovery . . . and force [defendant] to expend significant additional resources, including further depositions (of [plaintiff], her supervisors, and potentially others) and discovery requests..") (internal quotations omitted).

## **CONCLUSION**

Based on the foregoing, the Foundation respectfully submits that the Court enter an Order denying the Motion in its entirety.


Dated:         Hawthorne, New York
               December 18, 2020

                         TRAUB LIEBERMAN STRAUS &
                         SHREWSBERRY LLP

                         *Gregory R. Bennett*
                         By:_____
                              Gregory R. Bennett, Esq.
                         Mid-Westchester Executive Park
                         Seven Skyline Drive
                         Hawthorne, New York 10532
                         (914) 347-2600
                         *Attorneys for Defendant*

To:    Gregory A. Tsonis, Esq. (GT-5737)
6800 Jericho Turnpike
Suite 120W
Syosset, New York 11791
(516) 393-5876
*Attorneys for Plaintiff*