UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                                          :

MARIA LUPARDO,                                                  :

                                  Plaintiff,                           :
                                                                              :        18 Civ. 11984 (JPC)
               -v-                                                           :
                                                                              :        <u>ORDER</u>

THE ARMORY FOUNDATION,

                                Defendant.
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Maria Lupardo ("Plaintiff" or "Lupardo") filed this suit against Defendant the Armory Foundation ("Defendant" or the "Armory") on December 19, 2018, bringing claims for (1) pregnancy and sex discrimination in violation of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e *et seq.*, (2) discrimination in violation of Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and (3) pregnancy, disability, and sex discrimination in violation of section 296.1 of the New York Human Rights Law, codified as N.Y. Executive Law, Article 15. Dkt. 1 ("Complaint"). After the conclusion of discovery and after the Armory had filed a pre-motion letter regarding its intended motion for summary judgment, Lupardo moved to amend her Complaint to add a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Dkts. 66, 67, 68, 69 ("Motion"). For the reasons stated below Plaintiff's motion to amend is denied.

## I. Background

### A. Facts

The following facts are taken from Lupardo's Complaint. Lupardo alleges that she was employed by the Armory from February 24, 2014 through December 12, 2017. Complaint ¶ 7. In 2017, Lupardo announced that she was pregnant with her first child, after which Lupardo alleges that "she was met with aversion on the part of Defendant, specifically from co-presidents, Jonathan Schindel and Rita Finkel." *Id.* ¶ 9. Specifically, she alleges that, on "numerous occasions, these individuals expressed dissatisfaction with Plaintiff's pregnancy and, more specifically, Plaintiff's anticipated maternity leave, verbally expressing to Plaintiff that her pregnancy and potential leave was an annoyance to Defendant's business operation." *Id.* ¶ 10.

Lupardo alleges that she took maternity leave starting around August 7, 2017, and was "subjected to contempt on the part of Defendant for taking leave, and Mr. Schindel, on more than one occasion, stated that Plaintiff should consider herself lucky that she was granted leave in the first place." *Id.* ¶ 11. Lupardo was initially supposed to return at January 2, 2018, *id.* ¶ 12, but around November 27, 2017, she contacted the Armory to extend her maternity leave, *id.* ¶¶ 13, 14. Lupardo contends that she did not "state or indicate any intention not to return to employment," but instead "merely inquired about what, if any, options were available for her to extend her maternity leave." *Id.* ¶ 15. Lupardo asserts that "as a direct result of her pregnancy; maternity leave; and her inquiry as to further maternity leave," the Armory "terminated [her]employment on December 12, 2017," prior to her initial January 2, 2018 planned return date. *Id.* ¶ 16.

### B. Procedural History

Lupardo commenced this action on December 19, 2018. This case was originally assigned to the Honorable Deborah A. Batts. In the Court's initial scheduling order, discovery was set to

be completed by January 31, 2020.  Dkt. 20.  The case was reassigned to the Honorable Laura Taylor Swain on February 20, 2020, and was referred to the Honorable Sarah Netburn for general pretrial supervision on February 25, 2020.  The case was reassigned to the undersigned on October 5, 2020.  After multiple extensions, discovery closed on October 23, 2020.  Dkt. 34, 36, 41, 46, 50, 53.

Then, on November 6, 2020, the Armory filed a letter-motion requesting a conference to discuss its anticipated summary judgment motion.  Dkt. 56.  In replying to that letter-motion, Lupardo requested, for the first time, leave to amend her Complaint to add a claim under the FMLA.  Dkt. 57.  The Armory objected to Lupardo's request, Dkt. 58, and the Court set a briefing schedule for Lupardo's motion to amend, Dkt. 59.  The Court noted in that Order that it would provide further instruction regarding the Armory's anticipated motion for summary judgment following its resolution of the motion to amend.  *Id.*

### C. Lupardo's Motion to Amend

Lupardo seeks to add an FMLA claim to her Complaint on the basis that she "uncovered" emails "[t]hrough the course of discovery" that revealed the basis for that claim.  Motion at 2.  She highlights one email in particular, dated December 8, 2017, in which she "explicitly" requested leave under the FMLA (the "FMLA Email").  *Id.*; *see* Dkt. 5, Ex. A.  Lupardo states that she is of the "belief that the original Complaint provides sufficient notice of facts and circumstances upon which Plaintiff's proposed amendments are predicated," but "in an abundance of caution" moves to amend the Complaint.  Motion at 1.

In support of her motion, Lupardo broadly argues that "leave to amend one's pleading should be freely given."  *Id.* at 3.  She contends that the Armory will not suffer prejudice from the amendment because "the request for leave to amend pertains to the addition of mere specifics to

3

allegations asserted in the Complaint," and "the additional facts in the Amended Complaint, upon which the new cause of action is predicated, are already well known to the Defendant and in its possession." *Id.* Thus, she contends that the FMLA Email and her proposed FMLA claim were "fully probed and tested during the course of discovery." *Id.* at 2.

The Armory responds that the motion should be denied because (1) Lupardo has provided no excuse for her failure to raise an FMLA claim earlier, despite the fact that she produced in discovery the very email that she relies on to support such a claim; (2) it has not been given time to sufficiently investigate an FMLA claim, as its defense strategy and investigations were organized around the claims Lupardo actually brought; (3) the amendment is futile as any FMLA claim would be time-barred and/or subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure; (4) the amendment is being sought in bad faith, as the communications relied upon were not actually obtained in discovery; and (5) granting the motion would result in undue delay, as it would require the Armory to respond to an amended complaint, investigate the claim, and conduct additional discovery. Dkt. 61 ("Opposition") at 1-2.

In her reply, Lupardo argues, for the first time, that she did not amend the Complaint earlier because the Armory failed to disclose the correct number of individuals it employed, which left her with the mistaken impression that the Armory was not an employer covered by the FMLA. Dkt. 63 ("Reply") at 4-6. Specifically, Lupardo contends that the Armory's Co-President, Rita Finkel, testified during her deposition on October 22, 2020 that the Armory had approximately 30 employees, less than the 50 required to be an employer covered by the FMLA. *Id.* at 5; *but see* Dkt. 63, Ex. A ("Finkel Deposition") at 148:17-149:03 (stating the Armory employs "about 32" employees year round, and "an influx of maybe another 60 [seasonal employees] during [the] track [meet] season"). However, Lupardo has since obtained tax documents that list the Armory as

4

having 89 employees in 2016 and 92 employees in 2017. Reply. at 5-6. In addition, Lupardo contends that the proposed amendment would not be futile because it relates back to the original Complaint under Rule 15(c)(1) of the Federal Rules of Civil Procedure. *Id.* at 7-8.

Then, on January 7, 2021, Defendant submitted a letter "respectfully seek[ing] the Court's consent in considering the few points referred to herein, as a 'sur-reply' or otherwise." Dkt. 64 ("Sur-Reply") at 1. On January 13, 2021, Lupardo filed a response to Defendant's sur-reply. Dkt. 65 ("Sur-Reply Response").

## II. Legal Standard

Generally, a motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend," and it may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'" *McCarthy*, 482 F.3d at 200-01 (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)).

## III. Discussion

The Court denies Lupardo's motion because it was unduly delayed and would cause significant prejudice to the Armory. Because the Court rules on these grounds, it does not address the Armory's other arguments for dismissal.

Although Lupardo is correct that leave to amend should be "freely given," "considerations of undue delay . . . and prejudice to the opposing party [are] touchstones of a district court's

discretionary authority to deny leave to amend." *Barrows v. Forest Labs., Inc.,* 742 F.2d 54, 58 (2d Cir. 1984). Here, Lupardo filed her Complaint in December 2018, but she waited until November 2020—nearly two years later—to alert the Court that she wished to amend her Complaint. By the time she did so, discovery, which had already been significantly delayed, had closed and the Armory had already filed its pre-motion letter outlining its position on summary judgment. *See Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) ("It was entirely reasonable for the district court to deny a request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial. In our view, this constituted undue delay."). While Lupardo makes much of the Armory's purported awareness that she might raise an FMLA claim, *see, e.g.*, Reply at 3, it is equally if not more apparent that *she* was aware of her ability to raise an FMLA for years before doing so. In fact, Lupardo herself sent the FMLA Email on December 8, 2017, and then produced that email in discovery in March 2019. Opposition at 1; Dkt. 62, Ex. D at 2-4, 18. Accordingly, her suggestion that she "uncovered" emails "[t]hrough the course of discovery" that revealed she had an FMLA claim is tenuous at best. Motion at 2.

And, since discovery has closed, Lupardo's proposed amendment would be particularly prejudicial to the Armory. The Armory points to three principal ways in which it would be prejudiced: (1) it "constructed its entire theory of defense around the claims" in the Complaint, and had Lupardo alleged an FMLA claim, "it would have investigated internally, and explored during discovery, numerous legal and factual issues for the first time and/or in a different manner"; (2) "it would have meaningfully evaluated whether to waive the attorney-client privilege, in whole or in part, with respect to any communications it had with legal counsel preceding Plaintiff's termination"; and (3) "it would have prepared for *all parties'* depositions in a far different manner."

6

Opposition at 1.  The Armory notes, for instance, that it would have explored during the course of discovery whether Lupardo was an eligible employee and was entitled to take leave, and whether the Armory was a covered employer.  *Id.* at 10-11; *see also Shultz v. Congregation Shearith Isr.*, 867 F.3d 298, 307 (2d Cir. 2017).  The Court agrees:  Allowing Lupardo to amend her Complaint now would require the Armory to respond to the new allegations, investigate them, and retool much of its defense strategy.  *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) ("Moreover, permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and Cola had already filed a motion for summary judgment.").  In arguing that the Armory would not be prejudiced, Lupardo seemingly argues that the Armory should have pursued this case in her stead.  *See, e.g.*, Sur-Reply Response ("The defendant is well aware, and was in possession of, the e-mail correspondence between the parties during that time frame in which such leave was requested under FMLA. . . .  It appears that defendant's position was to cross its fingers, place its head in the sand, and hope that such a claim never arises.").  But even if the Armory was in possession of the FMLA Email, it was not required to investigate and prepare for all possible claims that could have resulted from the set of facts uncovered in discovery—only the ones that Lupardo brought.

Finally, Lupardo's attempt to lay blame on the Armory for the delay is unavailing.  As an initial matter, Lupardo did not argue that the Armory's "failure to disclose" the number of individuals it employed caused the delay until her reply brief, *see* Reply at 4-6, and it is well-settled that a court has discretion to decline to consider an argument raised for the first time in reply papers, *see, e.g.*, *In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017) ("The law in the Second Circuit is clear that arguments or requests for relief raised for the

first time in reply briefs need not be considered."); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in [an appellate] reply brief.").

Even if the Court were to consider Lupardo's belated argument, it would still reject it. Initially, although Lupardo contends that "Defendant held the position that neither it, nor Plaintiff, were subject to [the] FMLA," Reply at 5, she provides no support for this statement. Nor is it clear to the Court how the Armory took this position, given that Lupardo had not even raised her FMLA claim during discovery. *See* Sur-Reply at 1 ("In light of the absence of a single FMLA claim in the Complaint, the [Armory] finds it difficult to address how it could have 'held' any position regarding the applicability of the FMLA during discovery."). Moreover, although Lupardo suggests that the Armory's Co-President, Rita Finkel, misstated the number of individuals that the Armory employs during her deposition, and therefore misled Lupardo as to the applicability of the FMLA, *see* Reply at 5, it is hardly clear that Finkel's testimony was at all misleading, *see* Finkel Deposition at 148:17-149:03 (testifying that the Armory employs approximately 30 full-time employees and another 60 seasonal employees during the "track [meet] season"); 29 C.F.R. § 825.104 (defining a covered employer as "any person engaged in commerce or in any industry or activity affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year").

Regardless, the facts remain that Lupardo herself was aware that she had requested FMLA leave, she could have sought discovery on that issue, and, if the Armory refused to provide such discovery, she could have raised the dispute with the Court. And if there were a viable basis for an FMLA claim, she could have moved to amend her Complaint at an earlier stage. She failed to do so, and instead waited until the close of lengthy discovery and on the eve of the Armory's filing

for summary judgment to seek leave to amend.  At this late stage, and without any valid reason for delay, the Court denies that request.

### IV. Conclusion

For the foregoing reasons, Lupardo's motion to amend is denied.  The Clerk of the Court is respectfully directed to terminate the motions pending at Docket Numbers 64 and 66.  In light of the Court's resolution of Lupardo's motion to amend, it is further ordered that the Armory shall file its motion for summary judgment by April 8, 2021, Lupardo shall submit its opposition by April 22, 2021, and the Armory shall submit any reply by April 29, 2021.

SO ORDERED.

Dated: March 25, 2021  
      New York, New York

                                        JOHN P. CRONAN  
                                      United States District Judge